UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Foundation Capital Resources, Inc.,

                Appellant,           **MEMORANDUM & ORDER**
                                     20-CV-02497 (DG)
       v.

Mount Moriah African Methodist Episcopal Church,
Inc.,

                Appellee.
-----------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

       Appellant Foundation Capital Resources, Inc. ("FCR") appeals from the July 10, 2020 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), denying FCR's Motion for appointment of a Chapter 11 trustee and granting in part the Cross-Motion of Appellee Mount Moriah African Methodist Episcopal Church, Inc. ("Mount Moriah") by dismissing Mount Moriah's Chapter 11 case with prejudice for a period of one year.  *See* Notice of Appeal from Bankruptcy Court, ECF No. 1; FCR's Brief, ECF No. 7; FCR's Appendix to Brief, ECF No. 8;[1] FCR's Reply, ECF No. 13; *see also* Mount Moriah's Brief, ECF No. 11.  For the reasons that follow, the July 10, 2020 Order is vacated and this case is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum & Order.

---

[1] ECF Nos. 8-1 through 8-26 are referred to herein as Exhibits ("Ex.") 1 through 26, respectively.  In citing to the Exhibits, the Court refers to the page numbers generated by the Court's electronic case filing system ("ECF") unless otherwise noted.

## BACKGROUND

### I. The Parties and the 2020 Bankruptcy Petition[2]

Mount Moriah, a not-for-profit entity, operates a church located at 116-20 Francis Lewis Boulevard, Cambria Heights, New York (the "Property"). FCR is the holder of an Adjustable Rate Secured Note (the "Note") dated February 22, 2006, in the original principal amount of $8,200,000, secured by a mortgage on the Property. Mount Moriah defaulted on the Note. Thereafter, on January 30, 2020, Mount Moriah filed a voluntary petition for Chapter 11 bankruptcy, listing FCR as a creditor.

### II. The Parties' Motions before the Bankruptcy Court

On May 22, 2020, FCR filed its Motion in the Bankruptcy Court seeking the appointment of a Chapter 11 trustee on the following grounds: (1) pursuant to 11 U.S.C. § 1104(a)(1) ("Section 1104(a)(1)") for "cause;" (2) pursuant to 11 U.S.C. § 1104(a)(2) ("Section 1104(a)(2)") because appointment is in the best interests of creditors; and (3) pursuant to 11 U.S.C. § 1112(b)(1) ("Section 1112(b)(1)") because appointment is in the best interests of creditors and the estate but the case cannot be converted to one under Chapter 7. *See* FCR's Motion at 13-22, Ex. 12.

On June 3, 2020, Mount Moriah filed its Cross-Motion opposing FCR's Motion to appoint a trustee and seeking dismissal under Section 1112(b)(1) because Mount Moriah did not

---

[2] Familiarity with the detailed factual background and history of proceedings before the Bankruptcy Court – including regarding a prior voluntary petition for Chapter 11 bankruptcy filed by Mount Moriah in the Bankruptcy Court – is assumed. The brief summary here is drawn from the parties' briefing on appeal before this Court and from the motion papers filed in the Bankruptcy Court, which FCR included as Exhibits to ECF No. 8 on appeal.

have a "reasonable likelihood of rehabilitation." *See* Mount Moriah's Cross-Motion at 17-18, Ex. 15 (referencing 11 U.S.C. § 1112(b)(4)(A)).

### III. The Bankruptcy Court's June 24, 2020 Oral Ruling and July 10, 2020 Order

On June 24, 2020, the Bankruptcy Court held a telephonic hearing, during which the parties were heard on the Motion and Cross-Motion and at the end of which the Bankruptcy Court ruled orally on the motions. *See generally* Hearing Transcript ("Tr."), Ex. 21.[3] At the hearing, FCR argued principally that appointment of a Chapter 11 trustee was needed in order to liquidate certain of Mount Moriah's assets and to ensure that all creditors would be treated equally. *See, e.g.*, Tr. at 12-13, 24. Mount Moriah argued principally that appointment of a trustee would "effectively close the church," Tr. at 38, that the church "does a lot of good for the community," Tr. at 15, and that the bankruptcy case should be dismissed to allow Mount Moriah to continue to pursue a $12 million loan to be used to pay off its creditors, *see, e.g.*, Tr. at 33, 35-38.

> The Bankruptcy Court's oral ruling follows:
>
> Okay. I think I'm ready to rule on this, so -- as you know, we've had a quite a bit of discussion here. I -- this is not a case that I am going to appoint a Chapter 11 Trustee. And in reviewing the factors at force, considering making the determination about whether to convert or dismiss, now I understand we're not talking about conversion.
>
> I don't feel like this case fits within those parameters. What would be appropriate here is if -- that the dismissal be with prejudice for a year. That would be subject to the right of the Debtor. Prior to filing another case to seek to reopen this case for -- to obtain permission to file another case.
>
> And I don't think that this -- that in this case, I mean, I'm looking at the factors. Whether some Creditors received preferential payments and whether it follows the distribution the Debtors served by conversion than dismissal.

---

[3] Citations to the Hearing Transcript are to that document's internal pagination.

> I think you're talking about basically two Creditors here.  And it's not -- it is -- this is not about equality of distribution, but rather about a -- (sound drops) a Creditor and exercising their rights and remedies more expeditiously in the bankruptcy case than in the -- than by their state court to their state court rights.
>
> And in the context of this particular not-for-profit, I don't think that that is appropriate.  And I mean, I can go through all of the factors, but whether conversion or dismissal of the case would maximize the estate's value as an economic enterprise, I think the appointment of a Chapter 11 Trustee here would result in the dismemberment of this estate as an economic enterprise.
>
> And while that may result as a -- from the Debtor's, the Creditor's exercise of the state court remedies, it's not a result that I intend to facilitate in this -- with this not-for-profit corporation in this Chapter 11 case.  I think that -- I think those are the most relevant issues here.
>
> And I -- you know, I do recognize that there's property in this estate that could be administered, but there is -- basically, two Creditors, one of them disputed and a Creditor has their state court remedies.  So I am going to dismiss this case with prejudice for one year.  And --
>
> . . .
>
> And the Debtor's counsel can submit an order to that effect.

Tr. at 39-41.[4]

---

[4] During the June 24, 2020 hearing, the Bankruptcy Court afforded the parties ample opportunity to be heard on the motions.  *See generally* Tr.  In the course of engaging with the parties during the hearing, the Bankruptcy Court made comments and asked questions that might bear on the Bankruptcy Court's reasoning for its decisions.  However, this Court reads the Bankruptcy Court's oral ruling to be confined to the above-quoted portion of the June 24, 2020 proceeding.  The Court notes that some of the comments made by the Bankruptcy Court during the course of the hearing appear to be in tension with the Bankruptcy Court's ultimate oral articulation of its ruling.  Specifically, although the Bankruptcy Court in its oral ruling indicated that this is "basically" a two-creditor case, *see* Tr. at 40, 41, earlier in the hearing, the Bankruptcy Court stated "you do have other Creditors, whether they're worried about them or not, you do.  It's not a two Creditor situation," *see* Tr. at 32.  In addition, although the Bankruptcy Court indicated in its oral ruling that it was dismissing Mount Moriah's Chapter 11 case for a period of one year, earlier in the hearing, the Bankruptcy Court stated: "But to suggest -- dismiss the case, although I suppose that's the easiest thing for me, then that doesn't -- it does nothing to resolve the situation.  Nothing."  *See* Tr. at 32; *see also* Tr. at 33, 36-37 (questioning the purpose of dismissing the case).  Accordingly, the Court declines to go beyond the oral ruling portion of the hearing transcript in considering the Bankruptcy Court's reasoning for its decisions.  Such extrapolation is not appropriate on this record.

On July 10, 2020, the Bankruptcy Court issued the written Order that is the subject of the instant appeal.  *See* July 10, 2020 Order, Ex. 22.  The July 10, 2020 Order, issued pursuant to 11 U.S.C. § 1112(b), denied FCR's Motion in its entirety and granted in part Mount Moriah's Cross-Motion by dismissing Mount Moriah's Chapter 11 case with prejudice for a period of one year from the date of the Order.  *See id.*

The July 10, 2020 Order, which referenced the procedural history of the parties' motions and the fact that a hearing had been held on the motions, did not reference or elaborate on the reasoning provided at the June 24, 2020 hearing or provide any additional reasoning for the rulings reflected in the Order.

## STANDARD OF REVIEW

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.  *See* 28 U.S.C. § 158(a)(1).  A district court "'may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings.'"  *In re Lorick*, 634 B.R. 220, 223 (E.D.N.Y. 2021) (quoting *In re Bernard L. Madoff Inv. Sec., LLC*, 605 B.R. 570, 581 (S.D.N.Y. 2019), *aff'd sub nom. In re Bernard L. Madoff Inv. Sec. LLC*, 830 F. App'x 669 (2d Cir. 2020)).  On appeal, a district court "reviews a bankruptcy court's discretionary decisions for abuse of discretion."  *See Taub v. Adams*, No. 10-CV-02600, 2010 WL 8961434, at *6 (E.D.N.Y. Aug. 31, 2010) (citing *In re Boodrow*, 126 F.3d 43, 47 (2d Cir. 1997)).  "A bankruptcy court abuses its discretion if its decision rests on an error of law or a clearly erroneous factual finding or cannot be located within the range of permissible decisions."  *In re Murray*, 900 F.3d 53, 59 (2d Cir. 2018).

"Where the record does not reflect the reasoning for the bankruptcy court's decision, the [district court] may remand for further proceedings."  *In re DeFlora Lake Dev. Assocs., Inc.*, 629

B.R. 354, 358 (S.D.N.Y. 2021) (quotation marks omitted) (collecting cases); *see also In re Genco Shipping & Trading Ltd.*, 550 B.R. 676, 682 (S.D.N.Y. 2015) (vacating order and remanding to bankruptcy court where it was "unclear from the [b]ankruptcy [c]ourt [o]pinion, and from the order itself, to what extent the [b]ankruptcy [c]ourt relied on erroneous legal conclusions or findings of fact"); *Rockstone Cap. LLC v. Metal*, 508 B.R. 552, 562-63 (E.D.N.Y. 2014) (vacating order and remanding to bankruptcy court for further factual development).

## DISCUSSION

As set forth below, based on the current record, the Court is not able to discern the reasoning behind the Bankruptcy Court's July 10, 2020 Order. Accordingly, the Court cannot determine whether or not the Bankruptcy Court erred in denying FCR's Motion to appoint a trustee or in granting in part Mount Moriah's Cross-Motion by dismissing Mount Moriah's Chapter 11 case with prejudice for a period of one year. Remand therefore is required.

### I. Applicable Law

#### A. Section 1104(a)

Section 1104(a) provides:

At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee --

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a).

Bankruptcy courts have "wide discretion in considering the relevant facts and are not required to conduct a full evidentiary hearing in considering a motion for the appointment of a chapter 11 trustee." *In re Sillerman*, 605 B.R. 631, 641 (Bankr. S.D.N.Y. 2019). Section 1104(a)(1) and Section 1104(a)(2) "are two distinct and independent provisions" and "the court may order the appointment of a trustee pursuant to either [provision]." *Id.*

With respect to Section 1104(a)(1), the examples of "cause" set forth in the statute are not exhaustive, and a bankruptcy court may consider other conduct in determining whether cause exists to appoint a trustee. *See id.* Similarly, Section 1104(a)(2) "envisions a flexible standard." *See Taub*, 2010 WL 8961434, at *6 (quotation marks omitted). Bankruptcy courts have therefore considered numerous factors in determining whether appointment of a trustee is warranted. *See In re Sillerman*, 605 B.R. at 641-42, 652 (discussing the factors courts consider in determining whether appointment of a trustee is warranted under Section 1104(a)(1) and Section 1104(a)(2), respectively); *see also In re The 1031 Tax Grp., LLC*, 374 B.R. 78, 91 (Bankr. S.D.N.Y. 2007) (noting factors that bankruptcy courts consider when applying Section 1104(a)(2), including "the benefits derived by the appointment of a trustee, balanced against the cost of appointment" (quotation marks omitted)).

### B.     Section 1112(b)(1)

Section 1112(b)(1), in relevant part, provides:

> [O]n request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

Section 1112(b)(4) provides an illustrative, non-exhaustive list of sixteen grounds for "cause."  *See* 11 U.S.C. § 1112(b)(4)(A)-(P).  Bankruptcy courts have "wide discretion to determine if cause exists" under Section 1112(b).  *In re Babayoff*, 445 B.R. 64, 76 (Bankr. E.D.N.Y. 2011) (quotation marks omitted).

## II.   Because the Record is Insufficient to Permit Proper Review, the July 10, 2020 Order is Vacated and this Case is Remanded to the Bankruptcy Court

Based on the current record, the Court is not able to properly review the Bankruptcy Court's decision.  The record does not permit the Court to determine whether or not the Bankruptcy Court erred in denying FCR's Motion to appoint a trustee – under either Section 1104(a)(1) or Section 1104(a)(2) – or to determine whether or not the Bankruptcy Court erred in granting in part Mount Moriah's Cross-Motion by dismissing Mount Moriah's Chapter 11 case with prejudice for a period of one year under Section 1112(b).

Although the oral ruling at the telephonic hearing reflects that the Bankruptcy Court concluded that the "appointment of a Chapter 11 Trustee here would result in the dismemberment of th[e] estate as an economic enterprise," *see* Tr. at 40;[5] reflects that the Bankruptcy Court opined that "this is not about equality of distribution, but rather about . . . a Creditor and exercising their rights and remedies more expeditiously in the bankruptcy case . . . than by their state court to their state court rights," *see id.*; and reflects that the Bankruptcy Court took note of Mount Moriah's not-for-profit status and of the fact that there was property in the estate that could be administered, *see* Tr. at 40, 41, it is not clear from the oral or written rulings how – and to what extent, if at all – each of these considerations impacted the Bankruptcy

---

[5] The Bankruptcy Court noted that the same result may flow from "the Creditor's exercise of the state court remedies."  *See* Tr. at 41.

8

Court's decision.  Moreover, although the Bankruptcy Court twice referenced a review of "the factors," *see* Tr. at 39, 40, the Bankruptcy Court did not enumerate – or otherwise indicate – the universe of factors that had been considered.

It may well be that the Bankruptcy Court appropriately considered the relevant factors and applied the law correctly, but the record does not contain sufficient information to permit this Court to make that determination.[6]  Because this Court cannot discern the reasoning for the Bankruptcy Court's July 10, 2020 Order, that Order is vacated and this case is remanded to the Bankruptcy Court.

## CONCLUSION

For the foregoing reasons, the July 10, 2020 Order of the Bankruptcy Court is vacated and this case is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum & Order.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

> */s/ Diane Gujarati*
> DIANE GUJARATI
> United States District Judge

Dated: May 31, 2022
       Brooklyn, New York

---

[6] FCR and Mount Moriah disagree about, *inter alia*, whether the Bankruptcy Court erred in the amount of consideration it afforded the creditors', the estate's, and the public's interests.  *See generally* FCR's Brief; FCR's Reply; Mount Moriah's Brief; *see also generally* Tr.  Because the Court concludes that the record does not adequately set forth the Bankruptcy Court's reasoning for its rulings, the Court cannot – and therefore does not – herein assess the merits of the parties' respective arguments.